**CONTINENTAL TRAILWAYS, Inc. v. BOWEN'S ESTATE.**

No. 15372.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 10, 1952.

Rehearing Denied Nov. 14, 1952.

Alfred Crager, Callaway & Reed and O. D. Montgomery, Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Peveril O. Settle, Jr., Fort Worth, for appellee.

HALL, Chief Justice.

In January, 1941, R. C. Bowen, now deceased, leased certain buildings to Bowen Motor Coaches, a corporation, for a period of ten years. Subsequently, Bowen, Motor Coaches assigned this lease to appellant, Continental Trailways, Inc. Later, a fire occurred on the premises. Appellee's cause of action is for damages to recover cost of repairing the building.

We find the following stipulation in the statement of facts:

"It is further stipulated that on December 25, 1946, while the lease above referred to was in full force and effect, that a fire occurred on the premises in question.

"It is agreed that said fire was occasioned by an employe of the defendant driving a bus upon the washrack and allowing said bus to strike one of the walls of the building, so that a vat of inflammable fluid on the interior of said wall was upset and the inflammable fluid overflowed across the floor to an open fire, and the premises were damaged as a result of said fire."

The case was tried to the court, which rendered judgment for appellee and against appellant in the sum of $3,404.53 on March 27, 1952. This finding is supported by sufficient evidence.

Appellant's point three is: "The error of the Court in rendering any judgment against appellant for damage by fire to the leased premises, since the undisputed evidence shows that on the 15th day of November, 1949, appellee executed a written release to appellant for a good and valuable consideration wherein it was expressly acknowledged that appellant had theretofore performed all of the terms and conditions of said lease and that there should be no further liability for performance of any of the conditions therein contained."

The release in question is as follows:

"This agreement made and entered into this the 15th day of November, A.D. 1949, by and between Temple Bowen, administrator of the estate of R. C. Bowen, deceased, by virtue of an order entered by the County Court of Tarrant County, Texas, and Continental Bus System, a private corporation, acting by and through its duly authorized officers: Witnesseth:

"That for and in consideration of the mutual covenants and benefits to the parties hereto, it is agreed that the lease agreement heretofore made on the 1st day of January, A.D. 1941, between R. C. Bowen, Lessor and Bowen Motor Coaches, a corporation, which lease agreement was transferred by Bowen Motor Coaches to Continental Bus System, covering a portion of Block N-4, Daggett's Addition to the City of Fort Worth, is hereby in all things cancelled, and there shall be no further liability on the part of the Continental Bus system, for performance of any of the conditions therein contained, and it is agreed that said Continental Bus System has heretofore performed all of the laws and conditions of said lease; and Continental Bus System does by these presents assign and transfer unto Temple Bowen, Administrator of the Estate of R. C. Bowen, deceased, the sublease agreement between it and The Santa Fe Trail Transportation Company covering a part of the above described premises, without recourse upon it, the said Continental Bus System.

"It is expressly recognized that there exists a contractual relationship between Continental Bus System and The Santa Fe Trail Transportation Company by which Continental Bus System obtains the right to park and store and service certain buses on the sublease and that right is in no way affected by this release. * * *"

Appellant plead the above release as a bar to appellee's asserted cause of action and introduced same in evidence. The release is in our opinion unambiguous and we shall consider its provisions while interpreting it. These facts may also be noted: the fire occurred on December 25, 1946; this cause of action was filed on September 10, 1948, and the release was executed on November 15, 1949.

Appellant's contention is that the release in question covered the cause of action in this case by the following phrase: "there shall be no further liability on the part of the Continental Bus System, for performance of any of the conditions therein contained, and it is agreed that said Continental Bus System has heretofore performed all of the *laws* and conditions of

said lease * * *." (Emphasis ours.) We find appellant's position is well taken.

Appellee relies upon the holding in the case of Quebe v. Gulf, C. & S. F. Ry. Co., 98 Tex. 6, 81 S.W. 20, 21, for authority to set apart the cause of action in this lawsuit from the release in question. We find that the holding in the Quebe case is against appellee. There an employee of the Railroad Company, for consideration of $1 and employment for one day, executed a release which recited that his throat and breast were injured by his falling on a peg. Later, said employee became blind and brought the lawsuit, claiming he did not intend to execute a general release but that he intended to confine its recitals to injuries of his breast and throat. Based upon jury findings, the trial court rendered judgment in favor of defendant Railroad Company, holding in effect the release covered all injuries, both present and future, growing out of the accident, including injury to his sight. The Supreme Court, among other findings, made the following: "The leading contention of counsel for plaintiff in error is that the court should not have thus submitted to the jury the question as to the legal effect of the instrument, but should have instructed, as matter of law, that it did not embrace the injuries for which damages are now claimed. This contention raises the question as to the construction of the instrument, simply, and leaves out of view all questions as to want of consideration, mistake, and fraud. We agree with the Court of Civil Appeals that, construed by its language alone, the release is sufficiently broad to embrace all damages arising from the accident specified in it—the falling on a peg. Not only the general language of the concluding clause, but the recital of the object and purpose of the parties, plainly lead to this conclusion. The reliance of the counsel, in this contention, is upon the principle of construction laid down in a vast number of authorities—that where there is, in a release, a particular recital of the subject-matter or consideration about which the parties are dealing, general language following, which purports to release all claims, is construed to have reference to

the particular matter recited, and is confined to that. This is done in order to prevent surprises by which parties, when releasing one cause of action, may be made to appear to have released another. * * "

Appellee here did not plead nor undertake to prove that the release was made through fraud, accident or mistake. See 36 Tex.Jur., pp. 807–808, sec. 11, pp. 828–829, sec. 28. Of course there are those cases holding that where a release refers to one particular cause of action, say for personal injury, though couched in general terms, it is not intended to release the same party upon a promissory note, etc. The court further stated in the Quebe case: "No ordinary release, relating to only one cause of action, should be construed as splitting it up, unless the purpose is expressed in its language."

▉ Every instrument must be construed by its language and the intention expressed in it must control. We therefore refer to that portion of the release which expressly excepts the contractual relationship between Continental Bus System and the Santa Fe Trail Transportation Company. It appears to us that it would have been necessary also to expressly except in the release the lawsuit in question if same was not to be released, because said cause of action arose between the parties while the contract covering the property in question was in force.

Appellee contends that the release relied upon by appellant does not apply to his cause of action because said release relates solely to and releases appellant only from the contractual obligation of the lease and that his cause of action is one in tort and is not one to enforce any contractual obligations of appellant under the lease or for breach thereof.

Appellee's theory further is that the lease should only be examined for the purpose of determining whether or not its provisions exonerated appellant from liability for fire damage attributable to its negligence.

We note the following set out in the lease:

"* * * Lessee further covenants and agrees that it will upon the completion of the term, provided in this agreement, peacefully yield up the said leased premises and all additions made thereto, in good tenantable condition and repair, reasonable use and wear thereof and damages by fire or other cause beyond the control of Lessee excepted.

"It is agreed that Lessee shall not be obligated to pay to the Lessor any sums of money other than as herein provided, and that Lessor shall not be liable or obligated in any other manner in connection with or incident to the demised premises except as herein expressly specified. * * *"

The cause of action in question arose under that part of the contract which obligated appellant to return possession of the premises to appellee at end of the contract in good tenantable condition and repair. Appellant was not obligated for average reasonable use and wear thereof nor for damage caused by fire which cause was beyond appellant's control. The cause of action is for damage done by fire which could have been prevented or controlled by appellant. Such cause of action was not excepted in the contract.

When appellee released appellant thus: "It is agreed that the lease agreement * * is hereby in all things cancelled, and there shall be no further liability on the part of the Continental Bus System, for performance of any of the conditions therein contained, and it is agreed that said Continental Bus System has heretofore performed all of the laws and conditions of said lease * * *," said release covered fire damage occasioned by appellant's negligence. 36 Tex.Jur., pp. 818–819, sections 20–21.

All other points are overruled.

Judgment of the trial court is reversed and judgment here rendered for appellant and that appellee take nothing by this suit.