**BLACKMON et al. v. STANLEY.**

No. 3063.

Court of Civil Appeals of Texas.

Eastland.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

Hawkins & Dean, Breckenridge, Dan Gibbs, Mineral Wells, for appellants.

L. H. Welch, Breckenridge, for appellee.

GRISSOM, Chief Justice.

Stanley sued Blackmon and Pickens, a partnership, on a written contract wherein Stanley agreed to do certain concrete work for an agreed price. Stanley alleged that he poured a certain number of cubic yards of concrete for which defendants agreed to pay him $12.50 per cubic yard; that the contract provided that Stanley should furnish estimates of the work done semimonthly and they should be payable within ten days thereafter; that said work had been approved as provided in the contract and defendants had refused payment. Defendants answered that in said contract Stanley had agreed to furnish labor and material for pouring piers and foundations for certain houses at $12.50 per cubic yard of cement poured and that defendants were to retain 10% of the total estimate until completion of the job; that the estimate presented on October 31, 1952 was for $1,048.12; that payment was promptly made but 10% was not withheld; that thereafter plaintiff submitted certain estimates but payment was refused by defendants because they questioned plaintiff's statement as to the amount of concrete poured; that plaintiff had only poured 123½ cubic yards of concrete and that defendants owed him only a balance of $495.63. The case was submitted to a jury on one special issue which asked how many cubic yards of concrete had been poured by Stanley. The jury answered: "220.25 cubic yards." Judgment was rendered for plaintiff for pouring 220.25 cubic yards of concrete at $12.50 per yard. Defendants have appealed.

The substance of appellants' points are (1) that because Stanley failed to roll curbs and gutters he cannot recover; (2) that Stanley's abandonment of the contract because defendants refused to pay was not justified and prevents recovery for the concrete poured; (3) that Stanley's abandonment being wrongful, he cannot recover for partial performance; (4) that Stanley

waived defendants' breach of the contract, if any, by doing work on the contract after said breach; (5) that failure to pay was not a breach of the contract because Stanley demanded more than he was entitled to receive; (6) that, because Stanley demanded more than he recovered, defendants' refusal to pay was not such a breach of the contract as authorized Stanley to abandon it; (7) that Stanley waived his right to abandon the contract and (8) that Stanley could not recover because there was no proof that the city approved his work, as required by the contract.

There was evidence from which a jury could have concluded that Stanley's refusal to complete the contract, after payment for the work done was refused, was justified. There was evidence that Stanley's work was approved by the city and F. H. A. The only defense pleaded was that Stanley had not poured the amount of concrete claimed by him. The case was tried on that theory. No request for the submission of any issue, nor exception to the court's charge because of the failure to submit any issue suggested by appellants' points was made by defendants. There was submission of an element, at least, of plaintiff's ultimate issue, or ground of recovery. Under the circumstances, the court was authorized to find the remaining elements, and is presumed to have done so. All defensive issues suggested by said points were waived. There was no pleading thereof and defendants did not request their submission.

The judgment is affirmed.