**SEAMLESS FLOORS BY FORD, INC.,**
Appellant,

v.

**VALUE LINE HOMES, INC., et al.,**
Appellees.

No. 17000.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 28, 1969.

Rehearing Denied March 21, 1969.

Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellant.

Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for appellee, Sherman Electric Co.

Heard L. Floore and Richard U. Simon, Jr., Forth Worth, for appellees, Value Line Homes, Inc., and others.

## OPINION

MASSEY, Chief Justice.

Value Line Homes, Inc., et al. were plaintiffs in the trial court. Among these were plaintiffs Buchanan Brothers, Inc., a corporation, and M. D. Buchanan and his brother who do business as such corporation, a general building contractor. The other plaintiffs were those for whom a certain complex of buildings were being constructed by Buchanan, to one of which there had been loss and damage due to fire occurring during the course of its construction. Objective of plaintiffs' suit was to obtain a judgment for damages against defendants based upon allegation that they were guilty of negligence amounting to proximate cause of the fire in question and were liable in damages because of the loss therefrom resulting.

Not originally a party to the suit, but a real party at interest, was International Service Insurance Company. This company had paid the amount of the fire loss to or in behalf of those of the plaintiffs thereto entitled. It was stipulated that under principles of subrogation any recovery by plaintiffs, at least to the extent of said company's payment under its policy of in-

surance, would enure to the benefit of said company. The company was, by order of the court, made a party plaintiff upon a defendant's plea in abatement.

The defendants were two of the subcontractors under Buchanan, the general contractor. Said defendants were Seamless Floors by Ford, Inc., a corporation, and Sherman Electric Company, a corporation.

Pursuant to verdict returned by a jury a judgment was rendered for plaintiffs, originally named, against the defendant Seamless Floors by Ford, Inc. The judgment denied any recovery by plaintiffs against Sherman Electric Company, and also denied the prayer of Seamless Floors against Sherman Electric for contribution and indemnity.

Seamless Floors by Ford, Inc. appealed as against all plaintiffs and Sherman Electric Company.

Affirmed.

The verdict of the jury, upon which judgment was rendered, found Seamless Floors guilty of negligence amounting to proximate cause of the fire in question because of its failure to use a blower fan in the hallway of the building where the fire occurred. There is no complaint by Seamless Floors that there was any want of evidence to support the verdict. We make mention that the jury, by answers returned, refused to find that Sherman Electric installed defective wiring in the area in the building where the fire started, or that it installed defective switch or switches in the portion of the building in which the fire began. There is no complaint on the appeal of the jury's action in refusing to make such findings. The jury also found that the fire was not the result of unavoidable accident.

At the beginning of the trial the attorney for plaintiffs, Buchanan, et al., and the attorney for defendant Sherman Electric consulted together in making their strikes from the panel of jurors summoned. In other words each struck his list of jurors with knowledge as to the identities of those struck by the other, and—presumably—so that there would be no strike of the same person in the elimination of prospective jurors who might otherwise have been empaneled as members of the petit jury.

Of the foregoing Seamless Floors complains in two ways, firstly because of the fact of the occurrence, and secondly because the trial court refused to allow it to bring the fact of the occurrence before the jury in the form of evidence. It is claimed that the jury's knowledge would bear upon the credibility and weight of witnesses' testimony, and in particular would permit the jury to give consideration to any interest that a witness might have in connection with the litigation. It is pointed out that in connection with a traction company/railroad company collision the defendant railroad company was held to be entitled to show that the traction company had made settlements with several passengers who were injured, and who testified in the case favorably to the traction company and unfavorably to the railroad company, as having a bearing upon the credibility of their testimony.

■ We perceive no evidence of error in the fact that there was consultation of presumably adverse counsel upon jury selection, absent something in supplement demonstrative of harm thereby enuring to Seamless Floors. Here there was nothing to demonstrate any such harm.

■■ As applied to the trial court's refusal to permit evidence of the fact of the occurrence we believe we may properly hold that even if there was any error incident thereto it would be harmless error within the purview of Texas Rules of Civil Procedure 434, "If Judgment Reversed". The only testimony to which the complaint could have application was that from M. D. Buchanan, whose evidence was upon the matter of damages resultant from the fire,

and Earl D. Sherman, whose evidence had relation to the physical conditions before and after (but not at the time of) the fire, and procedures incident to the performance of the electrical subcontract. Both were disclosed to be parties interested in the outcome of the suit and for that reason their credibility would be for the jury. In light of the whole record it could not reasonably be said that knowledge by the jury of the fact of the consultation (through attorneys) in the selection of the jury, and the striking of separate panel members so that there would be no common strike was either calculated to cause or probably caused members of the jury to agree to return a verdict other than that which they would have returned had they been informed thereof.

In the "instructions" given the jury in the court's charge, was contained the following: "You are instructed that any fact may be established by circumstantial evidence or direct evidence, or both. * * * A fact may be established by circumstantial evidence when such fact is fairly and reasonably inferred from other facts proved in the case." Seamless Floors filed written request that the court submit to the jury the following special instruction: "You are instructed that the mere happening of an event is no evidence of negligence", which special instruction was refused by the trial court. Seamless Floors founds a point of error on the refusal of the trial court to give such instruction to the jury in connection with its charge as to circumstantial evidence.

Under the evidence in the record we perceive no insufficiency or deficiency in the charge, or in the instructions which were a part thereof, which would require that the specially requested instruction be given. The one important office of a definition or explanation is to make clear and understandable the issues or instructions which it accompanies. When this end has been accomplished the requirements of T.R.C.P. 277, "Special Issues", for explana-

tions and definitions have been fully met. See Texaco Country Club v. Wade, 163 S.W.2d 219 (Galveston, Tex.Civ.App., 1942, no writ hist.). Furthermore, even if the refusal be considered as "error" it would be harmless error within provisions of T.R.C.P. 434.

By its point of error No. 5 Seamless Floors contends that the trial court erred in permitting recovery in the face of the established fact that there had been a certain waiver of subrogation rights by Buchanan in its contract, as general contractor, with Seamless Floors as subcontractor.

The provision of contract between Buchanan and Seamless Floors, to which the point of error had relation read as follows: "The acceptor (Seamless Floors or Buchanan would be acceptor under the circumstances, but which was not established) agrees to insure for fire and extended coverage perils for the interests of all parties on materials and supplies of Company (Seamless Floors) at the job site during the course of the construction of this installation by the Company. The Owner (Buchanan) agrees to waive the subrogation rights of any insurance company against the Company for damage to the property of the Owner at the job site."

Even assuming that Seamless Floors would be correct in the apparently erroneous premise that the fire loss to the building in question would be that to which the foregoing contractual provision had relation we nevertheless believe that the point of error would be wholly inappropriate to the case, and therefore to be overruled. It was not shown that International Service Insurance Company had any knowledge that Buchanan made the contract with Seamless Floors or that any circumstance was existent which would bind it in any way. Subrogation occurs by operation of law upon payment (insurance) of loss by an insurance company under the type of policy Seamless Floors believes ( it not being

shown) the contract to have been between Buchanan and the insurance company. If the foregoing provision of contract between Seamless Floors and Buchanan could be considered to have resulted in a right or benefit to Seamless Floors it could only seek relief by pleading against Buchanan as a cross-defendant on the theory of an entitlement to indemnity because of Buchanan's having accepted payment from the insurance company under its policy. There were no pleadings of this character.

Some years ago the writer wrote at some length concerning principles of law relative to subrogation, etc., in insurance cases. Some have application to this case. See Forth Worth & Denver Ry. Co. v. Ferguson, 261 S.W.2d 874, 878 (Fort Worth, Tex. Civ.App., 1953, writ dism.).

 Being fully in accord with a statement from an appellee's brief as presenting additional reason for overruling the point of error in question, we quote therefrom, as follows: "Generally, the parties on appeal may not present a theory in regard to defenses that is different from the one interposed in the trial court. And a recovery by the Plaintiff may not be defeated on appeal on a defense not pleaded. 3 TJ2d p. 634, Blackmon v. Stanley, 265 S.W.2d 695 (Tex.Civ.App.1954 no writ hist.). Apparently, the defense raised in its Point No. 5 is in the nature of a waiver. Appellee submits that waiver is an affirmative defense and must be plead affirmatively. Rule 94, TRCP. A waiver must be pleaded, and, unless pleaded, cannot be urged for the first time on appeal. Western Union Tele. Co. v. Janko, 212 S.W. 243 (Tex.Civ.App. 1919 writ ref.). Where the Defendants defended against Plaintiff's case under pleadings and evidence offered by it upon a different theory from cases presented for reversal by virtue of points raised on appeal, the points presented no error and should be overruled. Johnson Aircrafts v. Wilborn, 190 S.W.2d 426 (Tex.Civ.App. 1945, Ref. wm.)".

 Seamless Floors' complaint under Point of Error No. 6 is because of the failure to name International Service Insurance Company in the judgment rendered by the trial court. The point is overruled. The only possible premise for such complaint would be that Seamless Floors would be, despite the judgment rendered, exposed to imposition of further liability for the same loss and damage upon suit brought by the insurance company. The record makes it clear that Seamless Floors is not so exposed, it being reflected therein that the insurance company was active participant in the conduct of the trial and that the matter of its entitlement under the judgment in the case was the subject of agreement and stipulation as between said company and those plaintiffs in whose name trial proceeded to judgment. Forth Worth & Denver Ry. Co. v. Ferguson, supra.

We have heretofore mentioned the contract between Seamless Floors and Buchanan. One paragraph thereof read, as follows: "The Company (Seamless Floors) shall not be responsible for damage to building or contents thereof, or delay in fulfillment of contract, due to strikes, fires, accidents, windstorm, lightning, damage, seasonal rainful during construction work, or other causes beyond its reasonable control. The Company carries Workman's Compensation, Public Liability, and Property Damage insurance, but does not assume risks of any kind or character or of any other contractor under this contract."

 Consideration of the whole contract, inclusive of the above, came into the hands of the trial court at the time of the hearing on Seamless Floors' Motion for Judgment. At that time the trial court was entitled to construe the foregoing as a matter of law, and we will treat the situation as though this was what was done. Under principles of contractual construction it is not to be doubted that the contract is unambiguous and to the effect that Seamless Floors agreed to assume and discharge the

burdens which would have been incumbent upon it under the common law in the event of damage to the building and its contents resultant from its own negligence, i. e., its own negligent acts or omissions which would be within its reasonable control. See 13 Tex.Jur.2d, "Contracts", subdivision IV, "Construction of Agreement", p. 261, Sec. 109, "In general"; p. 268, Sec. 111, "Construction in favor of validity of agreement;" subdivision V, "Validity and Enforceability", p. 364, Sec. 171, "Contracts in contravention of public policy", and p. 385, Sec. 182, "—Agreements to avoid or limit liability for damages"; Continental Trailways v. Bowen's Estate, 252 S.W.2d 222 (Forth Worth, Tex.Civ.App., 1952, affirmed at 152 Tex. 260, 256 S.W.2d 71); Cameron Compress Co. v. Whitington, 280 S.W. 527 (Tex.Com.App., 1926).

In view of what we have said relative to the contract, it follows that Seamless Floors cannot sustain its contention of absence of liability under such provisions of the contract. It would be immaterial whether contractual construction be treated as having been made before or after the trial of the tort case made by the pleadings. A consideration of such provisions by the jury would not have been of any benefit to Seamless Floors. That would be so because the trial of the case was upon the theory that Seamless Floors was itself guilty of negligence amounting to proximate cause of the fire and resultant loss and damage, and judgment was rendered on the same theory and upon findings made by the jury.

In view of the construction of the contract which was or would have been proper to be made as a matter of law the refusal to admit it, or any part of it into evidence before the jury, could not have constituted error. To have admitted it in evidence could have only served to present the jury with immaterial and irrelevant matter.

All points of error are overruled.

Judgment is affirmed.