R. C. BOWEN ESTATE V. CONTINENTAL
TRAILWAYS, INCORPORATED.

No. A-3913.  Decided March 11, 1953.
Rehearing overruled April 15, 1953.
(256 S. W. 2d Series 71)

*Cantey, Hanger, Johnson, Scarborough & Gooch* and *Peveril O. Settle, Jr.,* all of Fort Worth, for petitioner.

The Court of Civil Appeals erred in holding that the instrument canceling the written lease contract, executed subsequent to the filing of the suit, and relating only to the contractual obligations thereunder operated as a release of this petitioner's separate and independent cause of action ex delicto theretofore filed. Quebe v. Gulf C. & S. F. Ry. Co., 98 Texas 6, 81 S.W. 20; Shirley v. Waco Tap Ry. Co., 10 S. W. 543.

*Callaway & Reed* and *O. D. Montgomery,* all of Dallas, for respondent.

In reply to petitioner's contention cite Stinson v. Sneed, 163 S. W. 989; Alabama Oil & Pipe Line Co. v. Sun Co., 99 Texas 606, 92 S.W. 253.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action by petitioner as landlord against respondent as tenant for damages to the leased building resulting from a fire allegedly caused by the negligence of respondent's employees. A judgment in favor of petitioner in the trial court was reversed by the Court of Civil Appeals, and judgment rendered for respondent. 252 S. W. 2d 222.

The lease was for a term of ten years "subject to the con-

ditions hereof." One of the conditions was "that lessee shall fully and faithfully keep and perform the following covenants and obligations, viz.:

"FIRST: Lessee covenants and is hereby bound and obligated, at its own cost and expense to make all repairs, additions, alterations and renewals, necessary to keep said premises, both inside and outside, from deterioration in value or condition, natural wear and tear excepted.

\*  \*  \*  \*

"SIXTH: Lessee covenants and agrees that it will not, during the full term of this lease, make or suffer any waste, of the leased premises, buildings and appurtenances, \* \* \*."

"SEVENTH: Lessee further covenants and agrees that it will upon the completion of the term, provided in this agreement, peacefully yield up the said leased premises and all additions made thereto, in good tenantable condition and repair, reasonable use and wear thereof and damages by fire or other cause beyond the control of Lessee excepted."

As a defense respondent pleaded that petitioner's cause of action was barred by an agreement entered into after the suit was filed which, among other things, provided "That for and in consideration of the mutual covenants and benefits to the parties hereto, it is agreed that the lease agreement heretofore made \* \* \* is hereby in all things cancelled, and there shall be no further liability on the part of the Continental Bus System, for performance of any of the conditions therein contained, and it is agreed that said Continental Bus System has heretofore performed all of the laws and conditions of said lease." The trial court, sitting without a jury, found that the fire was caused by the negligence of respondent's employees, and, based thereon, rendered judgment against respondent for $3034.53, the reasonable cost of necessary repairs. Thus by necessary implication the court held that the cancellation agreement was not a bar to the further prosecution of this suit. That judgment was reversed by the Court of Civil Appeals, and judgment rendered for respondent on the ground that the cancellation agreement covered all damages from fire resulting from respondent's negligence.

The theory of petitioner is that it had, independent of the lease contract, a cause of action in tort based upon the implied duty of the respondent to use ordinary care to see that no injury was done to the premises other than that resulting from ordinary wear and tear, and that that cause of action was not em-

braced in the agreement releasing respondent from contractual liability only. That theory is expressed in Point II of petitioner's application for writ of error in this language:

"The Court of Civil Appeals erred in holding that the instrument canceling the written lease contract and relating only to contractual obligations thereunder operated as a release of this petitioner's separate and independent cause of action ex delicto theretofore filed."

In short, petitioner contends that it had both a cause of action in tort and a cause of action in contract, and that the cancellation agreement released only the latter.

■ Let us examine that theory. The petition upon which the case was tried alleges a cause of action for negligent waste by a tenant. Waste is an injury to the reversionary interest in land caused by the wrongful act of a tenant or other party rightfully in possession, and is primarily distinguishable from trespass in that trespass is an injury to land caused by the act of one not rightfully in possession. Camden Trust Co. v. Handle, 132 N. J. Eq. 97, 26 Atl. 2d 865, 154 A. L. R. 602; 56 Am. Jur., Waste, § 3. Waste includes injury resulting from failure to exercise reasonable care in preserving the property. Graffell v. Honeysuckle, 30 Wash. 2d 390, 191 P. 2d 858; Gade v. National Creamery Co., 324 Mass. 515, 87 N. E. 2d 180, 10 A. L. R. 2d 1006.

■ The principle is not questioned that there is implicit in the tenant-landlord relationship the duty of the tenant to use reasonable care to protect leased premises from injury other than that ordinarily resulting from wear and tear. Norman v. Stark Grain & Elevator Co., 237 S. W. 963, writ refused; Great A. & P. Tea Co. v. Athens Lodge No. 165, 207 S. W. 2d 217, writ refused, no reversible error; Texas Company v. Gibson, 88 S. W. 2d 757, reversed on other grounds, 131 Texas 598, 116 S. W. 2d 686. A breach of that duty is negligent waste. In this case the parties have by express covenant incorporated that implied covenant against waste into the lease contract. By an instrument in writing, based upon a valuable consideration, they have stipulated in language admittedly unambiguous that respondent had performed all of the conditions of the lease. Under the language of the lease contract covenants are treated as conditions and the parties have not indicated that any distinction is to be made between the two. We quote from the petition for writ of error:

"There can be no question but what this instrument, on its

face, purports to cancel *only* the written lease contract, and to acknowledge *only* the performance of the contractual obligations of respondent." (Emphasis by petitioner.)

That is a recognition that the cancellation agreement on its face acknowledged that respondent had performed its contractual obligations under the lease. To acknowledge respondent's performance of its contractual obligations under the lease is to acknowledge its performance of the covenant against waste expressly written into the lease contract. The situation is reduced to this: Petitioner brought suit against respondent for waste and later entered into an agreement, based upon a valuable consideration, unequivocally releasing the respondent from responsibility for waste. If no liability now exists against respondent for waste under the express covenant it must certainly follow that none exists under the implied covenant, for the two are identical. While it is true that petitioner would have had a cause of action for negligent waste in the absence of an express covenant to that effect, yet an additional cause of action for the same negligent waste would not be created merely by incorporating that implied covenant into the lease contract.

The cancellation agreement acknowledged the performance by respondent of "all of the laws and conditions of said lease * * *." In what sense the parties used the word "laws" is not clear, but the most logical conclusion is that the effect of its use was to release respondent from liability under all covenants implied by law. However, we do not rest our decision upon that conclusion.

■ In some situations and for some purposes it might become important to determine whether a cause of action for negligent waste is one in tort or in contract, but we do not face that problem in this case. What we hold is that the release by a landlord of a tenant's liability under an express covenant against waste releases him from all liability for negligent injury to the leased premises, regardless of whether the landlord asserts liability by an action in tort or on contract.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice Culver not sitting.

Opinion delivered March 11, 1953.

Rehearing overruled April 15, 1953.