**George E. WEAVER, Appellant,**

**v.**

**ROYAL PALMS ASSOCIATES, INC., Appellee.**

**No. 15268.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 21, 1968.

T. D. Smith, Houston, Brigman, Martin & Smith, Houston, of counsel, for appellant.

Underwood & Holcombe, Decatur J. Holcombe, Houston, Louis C. Abernathy, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit to recover the loss sustained as a result of a fire in an apartment house. After a trial to the court without a jury, judgment was rendered in favor of the alleged owner against the occupant of an apartment.

Appellee alleged that it was the owner of an apartment building in which appellant occupied an apartment, and that on or about July 16, 1963, appellant carelessly and negligently permitted or caused a fire to occur in the apartment, which negligence proximately caused the damages of which complaint is made.

In the alternative appellee alleged that appellant entered into a rental agreement with appellee as to the premises and thereby warranted that he would return said premises in as good condition as when he first occupied same, less customary and reasonable wear, tear and depreciation, but that because of his excessively careless and negligent use of the premises it was damaged in the amount of $385.73 when returned.

Appellant plead only a general denial and offered no testimony at the trial. The only witness testifying at the trial was an insurance adjuster who inspected the premises the day after the fire and made an estimate of the damage. While he was at the apartment appellant came in for the purpose of removing some of his belongings. Appellant told the adjuster that he and a friend were in the apartment when the fire happened and that he thought that it was caused by a cigarette. The witness did not know which one was smoking or whether appellant ever smoked cigarettes. There is no evidence as to where either of them was when the fire started. The fire originated in the bed. Appellant and his friend tried to put it out with water and finally pulled the mattress and box springs outside the

house. Nothing else was burned except the carpet, although there was smoke damage. The witness testified that it was either appellant or his friend "that had a cigarette burning that caused the bedding to ignite." Appellant told the witness that "he didn't feel like he was responsible for it and that his rental he figured he had paid would cover this damage." While the apartment is not described in detail, there is evidence that it included a living room, hall and bedroom. There is no testimony that appellee owned the apartment building.

"Waste is an injury to the reversionary interest in land caused by the wrongful act of a tenant or other party rightfully in possession, * * *. Waste includes injury resulting from failure to exercise reasonable care in preserving the property. (citations omitted)

"The principle is not questioned that there is implicit in the tenant-landlord relationship the duty of the tenant to use reasonable care to protect leased premises from injury other than that ordinarily resulting from wear and tear." (citations omitted) R. C. Bowen Estate v. Continental Trailways, 152 Tex. 260, 256 S.W. 2d 71 (1953).

■ Here appellee has failed to produce evidence of a wrongful act on the part of appellant. There is no evidence that he either intentionally or negligently caused the bedding to ignite. Nor is there any evidence that he failed to use reasonable care in protecting the premises from injury. The only evidence bearing on these questions is the statement made by appellant to the witness that he thought a cigarette caused the fire; the fact that the fire started in, and was confined to, the bed; and the fact that only two people, one of whom was appellant, were in the apartment at the time. Clearly after the fire was discovered, appellant used reasonable care in protecting the premises. The fire was burning to the extent that appellant was unable to put it out with water. The witness found the bedroom carpet quite wet the next day. While

appellant was dragging the mattress down the hall, burning pieces of the mattress fell off, igniting the carpet. There is no evidence that appellant suffered burns. It is quite as logical that appellant was not in the bedroom when the fire broke out as that he was present. It is no more reasonable to suppose that the cigarette was placed on the bed, or in a position to fall on the bed, by appellant than by his friend.

■ There is no evidence that appellant was aware of any negligent conduct on the part of his companion calculated to endanger the premises. In the absence of such knowledge he would not be responsible for such conduct. Great Atlantic & Pacific Tea Co. v. Athens Lodge No. 165, 207 S.W. 2d 217 (Tex.Civ.App., Ft. Worth, 1947, error ref., n. r. e.).

Appellant contends that there was no testimony or other evidence that the apartment building was owned by appellee, and that as a result there is no evidence that a landlord-tenant relationship existed between appellee and appellant. Appellee contends that ownership in appellee can be inferred from the similarity between the names of the appellee corporation and the apartment building, Royal Palms Apartments. In the case of Southern Underwriters v. Girard, 107 S.W.2d 775 (Tex.Civ.App., Texarkana, 1937), while there were no signs up at a refinery either to show who owned it or its name, the court held that the fact that equipment and parts shipped and delivered and installed in the plant were addressed to "Adams Oil Company", and that stationery in the office carried the heading "Adams Oil Company", in the absence of explanation, raised an issue for the jury as to ownership. Here we are asked to reach the same conclusion from the fact that the insurance adjuster testified that he was employed to investigate a fire at the Royal Palms Apartments at 3711 Link Valley, and that the suit was filed by Royal Palms Associates, Inc. There is no testimony that the adjuster was employed by the corporation. Such an inference is not justi-

fied. The names are not the same, and there is nothing to show that the name of the corporation is or has ever been associated with the apartment building. The landlord-tenant relationship is placed in issue by appellant's general denial.

 Since the evidence tending to establish the landlord-tenant relationship is so slight as to raise a mere surmise or suspicion, and since there is no evidence of negligence, the trial court should have directed a verdict for appellant. 56 Tex.Jur.2d, Trial, § 214, p. 554 et seq.

The judgment of the Trial Court is reversed and judgment is here rendered that Royal Palms Associates, Inc., take nothing by this action.

Reversed and rendered.