Mrs. Marion **BLEAKLEY** and Jack Bleakley, Appellants,

v.

**FIXTURE EXCHANGE CORPORATION,** Appellee.

No. 5046.

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1971.

Rehearing Denied Sept. 9, 1971.

Henry Stollenwerck, Dallas, for appellants.

Whittington & Sturman (Milton Sturman), Irving, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from the trial court's granting of a motion for summary judgment. The appellants are Mrs. Marion Bleakley and Jack Bleakley, the lessors in a written lease with appellee Fixture Exchange Corporation as lessee, the subject property being certain real estate located in Dallas County, Texas. The lease recited lessee would occupy the property as a cabinet, fixture and woodworking shop. The term of the lease was for five years, from May 1, 1964 to April 30, 1969.

On March 23, 1969, a fire occurred on the leased premises which caused a substantial amount of damage, following which the Bleakleys as Lessors sued Fixture as Lessee (as well as a third party not material to this decision) for the fire damage, the lessors basing their cause of action upon the negligent conduct on the part of lessee which caused the fire.

The lessee filed its motion for summary judgment with supporting affidavit, contending that there is no material fact issue because under the lease agreement the lessee was not liable for its own negligence where fire damage is concerned. That is to say, lessee Fixture contended that by the language of the lease the Lessors (Bleakleys) assumed all loss for damage by fire and held the lessee harmless for such loss.

The trial court granted lessee Fixture's motion for summary judgment, holding that lessors take nothing from lessee, from which judgment the lessors (Bleakleys) have perfected this appeal.

Appellants have one point of appeal, namely, that the language of the lease agreement did not excuse the appellee lessee from its own negligence where fire damage occurs.

Our disposition of this matter must necessarily involve a construction of the pertinent language of the lease agreement. The following is a recitation of the language of the lease which we believe is material to appellant's contention:

"2nd. That the lessee shall take good care of the property and its fixtures, and suffer no waste; and shall at lessee's own expense and cost keep said premises (including plate glass) in good repair, keep the plumbing work, closets, pipes and fixtures belonging thereto in repair; and keep the water pipes and connections free from ice and other obstructions, to the satisfaction of the municipal and police authorities, during the term of this lease, and at the end or other expiration of the term shall deliver up the demised premises in good order and condition, natural deterioration and damage by fire and the elements only excepted; * * *."

"4th. That the lessee shall not assign this agreement or underlet the premises, or any part thereof (except as may be mentioned herein) or make any alterations in the building (except as may be mentioned herein), without the consent of the lessor in writing; or occupy or permit or suffer the same to be occupied for any business or purpose deemed extra hazardous on account of fire."

"5th. That lessee shall in case of fire give immediate notice to the lessor, who shall thereupon cause the damage to be repaired forthwith; but if the premises be by the lessor deemed so damaged as to be unfit for occupancy, or if the lessor shall decide to rebuild or remodel the said building, the lease shall cease, and rent be paid to the time of the fire."

The rule of construction which we are obliged to follow has been laid down by the Supreme Court of Texas in Wichita City Lines v. Puckett (1956) 156 Tex. 456, 295 S.W.2d 894, in an opinion by Mr. Justice Abner McCall. The Puckett case involved construction of the language of the lease, in a suit by lessor against lessee growing out of fire damage, wherein the lessee contended that he was not liable for his own negligence in case of fire damage. The rule of construction was set out on page 899 in the following language:

"In effect the petitioner would construe the lease provision in this case to exonerate the lessee from liability for its own negligence. To be given this effect a provision must be clear and unambiguous and will be strictly construed by the courts against such an intendment and not given such effect if any other meaning may reasonably be ascribed to the language employed. Langford v. Nevin, 117 Tex. 130, 298 S.W. 536, 537; Continental Trailways, Inc. v. Bowen's Estate, Tex.Civ.App., 252 S.W.2d 222, affirmed 152 Tex. 260, 256 S.W.2d 71."

In the Puckett case, the lease provided that the lessor agreed to carry his own insurance against loss by fire on the entire building. In the light of this language, the petitioner lessee in the Puckett case contended that it should not be compelled to pay for any damage done to the roof of the building because of the following lease provision:

"5th. Lessee shall take good care of the property and its fixtures and shall at its own expense and cost, keep said premises, except the roof, in good repair."

The Supreme Court at page 900 of 295 S.W.2d overrules this contention of the lessee in the following language:

"By reason of the policy of strict interpretation of such provisions heretofore discussed this Court will not in this case construe an exemption of the roof from the duty to keep in good repair as a license to the lessee to negligently destroy the roof with immunity".

In the light of this rule of construction, we do not believe the language above recited in our instant case is so clear and unambiguous as to excuse the lessee from liability for his own negligence. On the contrary, we believe the hereinabove quoted language of the lease in our instant case expresses an intention by the parties that the lessee would be liable for his own negligence in case of fire damage. The reasons for such a conclusion will be taken up in the order in which they appear in the quoted language as follows:

1.) In the 2nd paragraph the lessee is obligated to take good care of the property and to *suffer no waste*. "Waste" is defined in Vol. 60 Tex.Jur.2d under the title "Waste", paragraph No. 1, page 291 as follows:

"Waste may be briefly and very generally defined as the destruction, misuse, alteration, or neglect of premises by one lawfully in possession thereof to the prejudice of the estate or interest therein of another".

The Supreme Court of Texas in R. C. Bowen's Estate v. Continental Trailways, Inc. (1953), Tex. 260, 256 S.W.2d 71 at page 72 in an opinion by Chief Justice Hickman, defines "waste" in the following language:

"Waste is an injury to the reversionary interest in land caused by the wrongful act of a tenant or other party rightfully in possession * * *. Waste includes injury resulting from failure to exercise reasonable care in preserving the property (citations omitted). The principle is not questioned that there is implicit in the tenant-landlord relationship the duty of the tenant to use reasonable care to protect leased premises from injury other than that ordinarily resulting from wear and tear (citations omitted)".

The above definition and quoted language was cited in the recent case of

Weaver v. Royal Palms Associates, Inc., 426 S.W.2d 275 (no writ history) by the 1st Houston Court of Civil Appeals.

2.) Moreover, by the language set out in the 2nd paragraph, where it provides that the lessee shall deliver up the premises in good order and condition at the end of the lease, "natural deterioration and damage by fire and the elements only excepted", we think that where the language makes an exception of "fire and the elements" and lumps these two items together that the parties thereby evidenced an intention to make an exception of fire damage only where the fire occurred without the negligence of the lessee. By the use of the term "elements", the parties were certainly referring to types of damage which would occur by acts of God and beyond the control of the lessee, and by that same token we construe that damage by "fire" was an exception only where it was beyond the control of the lessee and not due to his own negligence.

3.) If there was any doubt up to this point that the lessee was to be held accountable for his negligence concerning fire damage, it should be dispelled by the provision of the 4th paragraph of the lease wherein the lessee is forbidden to occupy the premises or to allow the same to be occupied for any business or purpose deemed *"extra hazardous on account of fire"*. The plain intention expressed by this language is to impose the standard of ordinary care upon the lessee to keep fires from taking place on the property.

The 5th paragraph of the lease requires the lessee in case of fire to give immediate notice to the lessor who shall cause the damage to be repaired; however, we do not think that this language has anything to do with excusing the lessee from his liability for his own negligence where fire damage is concerned.

In Womack v. Tripp, 137 S.W.2d 180, (Waco Civ.App., 1940) this court has previously recognized the rule followed by the Texas Courts that a tenant is liable to the landlord for negligence in causing damage to leased premises.

In the light of the foregoing construction of the language of the subject lease, we believe the trial court erred in granting this summary judgment and accordingly we reverse the judgment of the trial court and remand this cause for trial on the merits. Costs are assessed against appellee.

Reversed and remanded.