Amelia Cunningham SULLIVAN
and Leslie High, Appellants,

v.

Roy E. BOOKER, Appellee.

No. 01–93–00219–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 21, 1994.

Rehearing Denied June 23, 1994.

Shannon T. Warren, Houston, for appellants.

W. Steven Winter, Houston, for appellee.

Before DUGGAN, ANDELL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellants, Amelia Cunningham Sullivan and Leslie High, appeal from the judgment awarding them damages for rent and taxes but denying relief on their cause of action for environmental damage to their property. Appellants sued appellee, Roy E. Booker, for breach of a lease agreement after appellee vacated the premises and did not pay rent. Appellants also sued for damages under the implied covenant to use reasonable care to protect leased premises from injury.

Appellee became appellants' substitute lessee tenant beginning in January of 1975, when he purchased the interest of appellants' then-current tenant, Ashcroft, by a lease assignment and bill of sale. Through this document, appellee purchased the improvements on the real property. One of these improvements was a closed car wash facility which had as part of its operation two underground storage tanks. Appellee vacated the property prior to the end of the lease and, therefore, under the terms of the lease agreement, the improvements, i.e., the storage tanks, became the property of appellants. Appellants alleged in their petition that they first learned of the storage tanks, and the fact that the tanks were leaking and causing damage to the property, after appellee vacated the property.

Trial was to a jury, which found $260,000 in damages for clean-up costs because of the leaking storage tanks. The trial court entered judgment in favor of appellants for a stipulated amount of unpaid rent and taxes, and denied appellants' motion for judgment in the amount of $260,000 on the issue of clean-up costs. The trial court found that appellants failed to prove liability on the part of appellee in support of their cause of action.

Appellants' first point of error argues that the trial court erred in denying their motion for judgment, and setting aside the jury's $260,000 award because the trial court cannot grant a judgment notwithstanding the verdict absent a motion asking for that relief. They cite *Beal v. Great American Indemnity Company*, 322 S.W.2d 399, 402 (Tex.Civ. App.—Texarkana 1959, no writ), for this proposition.

The record reveals that appellee filed a motion asking the court 1) to enter judgment in his favor based on the issue of liability, 2) to disregard special issue jury findings and defendant's motion for judgment in his favor, 3) to modify jury verdict, and 4) for judgment notwithstanding the verdict. Therefore, we find that there was a request for judgment notwithstanding the verdict.

We overrule point of error one.

In their second point of error, appellants contend the judge abandoned his neutral role of impartiality, denied them their right to a trial by jury, failed in his ministerial duty to enter a judgment on the jury verdict, and did not comply with Tex.R.Civ.P. 300 and 301, as he did not enter a judgment that conformed to the verdict. Inasmuch as we have found in point of error one that the trial court acted properly, we overrule point of error two.

In their third point of error, appellants contend that the trial court was in error in concluding there was no evidence to show appellee breached his duty to use reasonable care to protect the leased premises. Appellants argue that the following jury questions establish liability.

Question 2
Did some portion of the contents of the underground tanks in question leak from the tanks before August 30, 1990?
Answer "Yes" or "No"

Answer *YES*

Question 4

What would be the necessary reasonable, and probable cost of correcting the condition caused by leaking from the underground tanks, if you have found leaking has occurred. Do not consider the prospect of reimbursement from any government fund or entity. Do not include any amount for any condition that was not caused by leaking from the underground tanks in question. Consider the following elements of cost and none other.

  a. an environmental study;

  b. removing the tanks;

  c. removing and monitoring underground contamination, if any.

Answer in dollars and cents, if any.

Answer $ 260,000.00.

At the hearing on the motion for judgment, the trial court ruled that appellants did not submit a jury issue on whether appellee failed to use reasonable care to protect the leased premises, and further, there was no evidence to show appellee's failure to use reasonable care.

■ Rule 279 states, "Where, however, issues are omitted which constitute only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and they are supported by some evidence." *Ramos v. Frito–Lay*, 784 S.W.2d 667, 668 (Tex.1990); *Pan Am. Life Ins. v. Erbauer Constr. Corp.*, 791 S.W.2d 146, 154–55 (Tex. App.—Houston [1st Dist.] 1990), *rev'd on other grounds*, 805 S.W.2d 395 (Tex.), *cert. denied*, —— U.S. ——, 112 S.Ct. 86, 116 L.Ed.2d 59 (1991); Tex.R.Civ.P. 279. Further, when the only issue submitted to a jury is one of damages, omitted elements may be deemed found only if the damage issue is necessarily referable to a particular cause of action. *Kittyhawk Landing Apartments v. Anglin Constr.*, 737 S.W.2d 90, 93 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); Tex.R.Civ.P. 279.

■ Only one cause of action was submitted to the jury, with instructions on negligence and no other theory of liability. Inasmuch as the damage issue contained in the charge is referable only to a negligence cause of action, we find that any omitted elements may be deemed found if there is evidence to support them.

■ The breach of a tenant's duty to use reasonable care to protect leased premises from injury other than ordinary wear and tear is an action for negligent waste. *R.C. Bowen Estate v. Continental Trailways, Inc.*, 152 Tex. 260, 256 S.W.2d 71, 72–73 (1953); *Weaver v. Royal Palms Assoc. Inc.*, 426 S.W.2d 275, 277 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). It is unclear whether appellants' cause of action for negligent waste is one in tort or in contract. However, we are not presented with a situation where we must make this determination. Whether in contract or in tort, there must be a finding of a wrongful act or unreasonable conduct *by the tenant* in an action for negligent waste. *See R.C. Bowen Estate*, 256 S.W.2d at 72.

■ The record reveals that appellee testified that he 1) did not feel it was necessary to conduct an environmental study to find out the status of the underground tanks, 2) did not take any action to remove the tanks, 3) did not take any action to test the soil or underground water, 4) did not do any testing to determine if the tanks had leaked and 5) did not take any action at all to protect the environment in regards to the underground storage tanks.

Appellants' expert, Rod Kelly, testified as to the environmental testing that was done on the premises and the leaks that existed in the tanks. He stated that in his opinion, the contamination to underground water originated from the tanks on the leased property.

There is no evidence in the record to show that appellee's inaction was wrongful or what actions would constitute reasonable care by a lessee to protect leased premises in a situation such as this. Without such evidence to support the element of liability, the trial court cannot deem the omitted element found. Tex.R.Civ.P. 279.

We overrule point of error three.

In point of error four, appellants contend that the trial court violated public policy by allowing a polluter of underground water to avoid responsibility for his action. As there is no evidence that appellee is a polluter, we overrule point of error four.

 In their reply brief, appellants point out that appellee failed to reply to some of the points raised in appellants' original brief. They contend that appellee has waived any argument that may have been asserted on their behalf on those issues to which they did not respond, citing *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

In *Texaco*, this Court held that Texaco, *as appellant*, cited no authority to support a particular point of error and that this failure constituted a waiver of that point. *Id.* Appellee's failure to respond to appellants does not entitle appellants to a reversal. *Commercial Credit & Control Data Corp. v. Wheeler*, 756 S.W.2d 769, 771 (Tex.App.— Corpus Christi 1988, writ denied).

We affirm the judgment.