**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed December 15, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-01040-CV

---

**HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant**

**V.**

**GREAT AMERICAN INSURANCE COMPANY, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-19859**

---

## C O N C U R R I N G    O P I N I O N

I agree with the disposition in the majority opinion as well as most of the analysis contained therein. I write separately to point out a flaw in the majority's conclusion that Great American raised a contractual waste claim.

The majority interprets a section of Great American's First Amended Petition as raising, or attempting to raise, a waste cause of action and then concludes that a portion of that claim that is based on breach of the Handex Contract is not barred by governmental immunity under section 271.152 of the Local Government Code. Tex.

Local Gov't Code § 271.152.  Although Great American does use the word "waste" in the heading and the body of one section of its petition, it apparently uses that term in a non-legal or lay sense and not to assert a common law waste claim.  *Compare Black's Law Dictionary* 762 (2d pocket ed. 2001) (defining "waste" in the legal sense as meaning "[p]ermanent harm to real property") *with The American Heritage Dictionary* 1365 (2d College ed. 1991) (defining "waste" in common usage as meaning, among other definitions, "[t]o use, consume, or expend thoughtlessly or carelessly; squander").  A common law cause of action for waste requires an allegation and proof of permanent harm to real property.  *E.g., Amoco Prod. Co. v. Alexander*, 622 S.W.2d 563, 571-72 (Tex. 1981).[1]

The majority is correct that a claim for waste *may* sound in contract; however, to support such a claim, the contract must prohibit injury to *real property* that is a subject of the contract.  *See R.C. Bowen Estate v. Cont'l Trailways, Inc.*, 256 S.W.2d 71, 72-73 (Tex. 1953).  For example, in *R.C. Bowen*, the lease agreement between the parties expressly incorporated a covenant requiring the tenant to use reasonable care to protect the premises from injury.  *See id.*

Here, real property is not the subject of the Handex Contract.  Great American does not allege either any injury to real property or a contractual provision prohibiting it.  Great American merely complains that the District essentially squandered funds that could have been used to pay Great American for completion of the contract.  Thus, contrary to the majority's interpretation, Great American did not plead a cause of action for contractual waste or any facts that could demonstrate contractual waste.

Most of the language in the section of the Amended Petition in question appears to be aimed at raising a tort claim, in part because it contains terms such as "duty" and "ordinary care" which are typically used in the tort context.  As the majority properly explains, governmental immunity is not waived for these tort claims.  *See* Tex. Local

---

[1] There are also statutory causes of action for waste available in cases involving depletion of natural resources.  *See, e.g.*, Tex. Nat. Res. Code §§ 85.046, 85.321; *Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 161-64 (Tex. App.—Eastland 2010, pet. denied).

Gov't Code §§ 271.152, 271.157; *Clear Lake Water Auth. v. Friendswood Dev. Co.*, 256 S.W.3d 735, 746 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd).  The majority also properly analyzes the immunity contentions concerning Great American's breach of contract and other non-tort claims.  Accordingly, except for the conclusion that Great American's Amended Petition raised a contractual waste claim, I join the remainder of the majority's analysis and disposition of the case.


/s/      Martha Hill Jamison
          Justice

Panel consists of Justices Frost, Jamison, and McCally. (Frost, J. majority.)

3