**Opinion issued May 5, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00981-CV

_____

**SARAH YEATER AND JOHNSON BOHANNON, Appellants**

**V.**

**H-TOWN TOWING LLC, BAYSTONE APARTMENTS, AND HOUSTON CENTRAL AUTO STORAGE INC., Appellees**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1115230**

---

## O P I N I O N

Sarah Yeater and Johnson Bohannon challenge the county court's final judgment in an appeal from claims alleging improper towing. We reverse and remand.

## Background

Sarah Yeater and her husband, John Bohannon, were tenants at Baystone Apartments ("Baystone") since March 2017. Yeater and Bohannon owned a 2005 Jeep Liberty. On June 8, 2018, H-Town Towing LLC ("H-Town") placed an orange sticker on Yeater and Bohannon's vehicle stating, "Contact Office Immediately!!! WITHIN 24 HOURS or the vehicle would be towed in 48 hours." The orange sticker displayed H-Town's name, contact information, and a handwritten check mark next to "Expired Registration."[1] Neither Yeater nor Bohannon had seen this sticker. Four days later, H-Town towed the vehicle.

Bohannon noticed that their vehicle was missing from where it had been parked in the parking lot next to their building. Bohannon contacted the property manager who had told him that the vehicle was towed by H-Town due to an expired registration sticker. Yeater paid $580.18 in tow fees and costs and retrieved the vehicle from Houston Central Auto Storage Inc. ("Houston Central"). Bohannon inspected the vehicle and took a picture of the orange sticker. Bohannon also took pictures of the parking signage at Baystone.

---

[1]     Bohannon admitted that the vehicle registration was expired.

Yeater and Bohannon filed a request for tow hearing in the justice court.[2] Yeater and Bohannon alleged that there was no probable cause to tow their vehicle. They sought damages, court costs, and attorney's fees. Attached to their pleading was a copy of the receipt, a notification of rights, and photographs of the restricted parking signs and the orange sticker.

The justice court set the matter for hearing and sent a notice of towing hearing to the parties. Bohannon and his counsel appeared, but neither H-Town, Baystone, nor Houston Central appeared. After the hearing, the justice court issued its findings of fact and conclusions of law, concluded that the removal and storage of Yeater and Bohannon's vehicle was made without probable cause, and ordered Baystone to pay $580.18 for damages, $500.00 for attorney's fees, and $44.00 for court costs. The justice court sent a notice of its findings of fact and conclusions of law and award to the parties.

H-Town appealed the justice court's ruling to the Harris County Civil Court at Law No. 3. Bohannon and M. Ruiz, the manager at H-Town, testified at the bench

---

[2] Under Chapter 2308 of the Texas Occupations Code, a party is entitled to a hearing to challenge the towing of a vehicle and the amounts charged as long as the party makes a proper request for such a hearing. The hearing takes place in justice court and addresses whether probable cause existed for the removal of the vehicle and whether the towing charge imposed was statutorily authorized. *See* TEX. OCC. CODE §§ 2308.453(1), 2308.458(c).

trial. Yeater, Baystone, and Houston Central did not appear. After the bench trial, the county court issued its findings of fact and conclusions of law, concluded that probable cause existed to remove and store Yeater and Bohannon's vehicle, and entered a take-nothing judgment in favor of H-Town, Baystone, and Houston Central. This appeal followed.

Yeater and Bohannon raise three issues on appeal. First, they argue that the county court erred in finding probable cause to tow their vehicle because H-Town violated the Towing and Booting Act by failing to comply with statutory notice requirements. Second, they argue that the county court erred in finding probable cause to tow their vehicle because the international towing symbol on Baystone's tow warning sign was too small and did not specify who was authorized to park (or prohibited from parking) in the parking lot. Finally, they argue that the county court erred by denying them the right to a fair and impartial trial as guaranteed by the United States Constitution[3] and the Texas Constitution[4] based on the county court judge's comments and conduct throughout the bench trial.

Although H-Town, Baystone, and Houston Center did not file appellate briefs, we nevertheless review the merits of the appellate issues to determine whether

---

[3]  *See* U.S. CONST. amend. XIV, § 1.

[4]  *See* TEX. CONST. art. I, § 15; *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 708 (Tex. 1989) ("In Texas, the right to a fair and impartial trial is guaranteed by the Constitution and by statute.").

reversal of the county court's ruling is warranted. *See Sullivan v. Booker*, 877 S.W.2d 370, 373 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("Appellee's failure to respond to appellants does not entitle appellants to a reversal."); *Schied v. Merritt*, No. 01–05–00466–CV, 2016 WL 3751619, at *6 (Tex. App.–Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (reasoning that an appellant does not prevail on appeal just because the appellee does not file a brief).

## The Towing and Booting Act

In their first issue, Yeater and Bohannon argue that the county court's conclusion of law was erroneous because no probable cause existed to tow their vehicle considering that H-Town and Baystone failed to comply with the 10-day statutory notice requirement because they towed the vehicle just four days after stickering it.

### A.     Standard of review

We review de novo a county court's conclusions of law and statutory interpretation. *Burlington N. & Santa Fe Ry. Co. v. City of Hous.*, 171 S.W.3d 240, 245 (Tex. App.—Houston [14th Dist.] 2005, no pet.). A trial court has no discretion when evaluating a question of law. *City of Hous. v. Hildebrandt*, 265 S.W.3d 22, 25 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "Consequently, a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion." *Huie v.*

*DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996). Accordingly, we give no particular deference to the trial court's findings. *See Walker*, 827 S.W.2d at 840. Instead, we conduct an independent review and evaluate the statute to determine its meaning. *See Lozano v. Lozano*, 975 S.W.2d 63, 66 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

## B. Statutory notice

Yeater and Bohannon's first argument is that they were entitled to, and did not receive, 10 days' notice before towing as required by Texas law. *See* TEX. OCC. CODE § 2308.253(e), (g). The Towing and Booting Act provides as follows:

> A contract provision providing for the towing from a parking facility of a vehicle that does not display an unexpired license plate or registration insignia is valid only if the provision requires the owner or operator of the vehicle to be given at least 10 days' written notice that the vehicle will be towed from the parking facility at the vehicle owner's or operator's expense if it is not removed from the parking facility.

*See* TEX. OCC. CODE § 2308.253(e).

To comply with the Towing and Booting Act, the notice must state that the vehicle displays an expired registration insignia,[5] that the vehicle will be towed at the owner's expense if the vehicle displays an expired registration insignia, and a

---

[5] "Registration insignia" refers to state registration requirements under chapter 502 of the Texas Transportation Code. *See* TEX. TRANSP. CODE §§ 502.001–.492; *Torres v. Cont'l Apartments, All Cities Towing Inc.*, No. 05-18-00215-CV, 2019 WL 2211478, at *4 (Tex. App.—Dallas May 21, 2019, pet. denied) (mem. op.).

24-hour telephone number to enable the vehicle's owner to locate the vehicle. *See* TEX. OCC. CODE § 2308.253(e)(1). On top of these statutory requirements, the notice must be delivered in person to the vehicle's owner, sent by certified mail, return receipt requested, to that owner, or attached to the vehicle's front windshield, to the vehicle's driver's side window, or if the vehicle has no front windshield or driver's side window, to a conspicuous part of the vehicle. *See id*. § 2308.253(e)(2).

At trial, Bohannon admitted that the vehicle registration was expired. The photograph of the orange sticker placed on the vehicle's window was introduced into evidence. The sticker included a written check mark next to "Expired Registration," a warning that the car will be towed, and H-Town's telephone number. Thus, H-Town's orange sticker complied with the notice requirements under this statute. Our analysis does not end here. We must now determine whether H-Town and Baytown violated the Towing and Booting Act for towing the vehicle four days after providing notice to Yeater and Bohannon.

Yeater and Bohannon point to conflicting language between the Baytown's lease agreement and its parking and towing policy addendum. Yeater and Bohannon assert that, while the terms of the lease agreement comply with the Tow and Booting Act, the terms of the parking and towing addendum violate the law because the addendum disregards the 10-day notice requirement. For instance, paragraph 21(l) of the lease agreement provides for 10 days' notice before towing:

We may have any unauthorized or illegally parked vehicles towed or booted according to state law at the owner or operator's expense at any time if the vehicle has no current license or registration, and we have given you at least 10 days' notice that the vehicle will be towed if not removed.

But the parking and towing policy addendum states that vehicles may be towed without any notice:

Inoperable Vehicle, Flat Tires, up on Jacks, Wrecked, Broken Windows, For Sale sign, Expired Tags and so on is strictly prohibited anywhere on the property. I understand that failure to comply will result in management towing the vehicle without notice and at the vehicle owner's expense.

Thus, Yeater and Bohannon contend that the contradictory language renders the parking and towing addendum void and unenforceable.

A provision of an apartment lease entered into or renewed on or after January 1, 2004, is void and may not be enforced if it "is in conflict or inconsistent" with Section 2308.253.[6] *See* TEX. OCC. CODE § 2308.253(g). The plain text of the statute is clear. "Language in a statute is presumed to be selected and used with care, and every word or phrase in a statute is presumed to be intentionally used with a meaning and purpose." *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (citing *Chastain v. Koonce*, 700 S.W.2d 579, 582 (Tex. 1985)). The 10-day notice requirement in the

---

[6] Yeater and Bohannon executed the parking and towing addendum in March 2017, and therefore, section 2308.253(e) and (g) apply.

Towing and Booting Act balances equities between property managers, towing companies, and tenants. The statute provides tenants a reasonable chance to resolve any defects with their vehicles and comply with the lease or parking policies within a 10-day period before the vehicle can be towed.

We therefore conclude that the parking and towing addendum is void and may not be enforced because the plain language of section 2308.253(e) requires "at least 10 days' written notice" before the vehicle is towed. *See* TEX. OCC. CODE § 2308.253(e), (g). Because H-Town towed Yeater and Bohannon's vehicle before the required notice period had elapsed, the county court erroneously concluded that probable cause existed to tow Yeater and Bohannon's vehicle. We sustain Yeater and Bohannon's first issue.

Because our resolution of Yeater and Bohannon's first issue is dispositive of their appeal, we need not address their remaining arguments. *See* TEX. R. APP. P. 47.1.

**Conclusion**

Having concluded that no probable cause existed to tow Yeater and Bohannon's vehicle for violating the Towing and Booting Act's 10-day notice requirement, we reverse and remand for additional proceedings consistent with this opinion.

Sarah Beth Landau
Justice

Panel consists of Justices Landau, Goodman, and Countiss.